**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| SUSAN EDWARDS, | ) | |
| | ) | |
|     Plaintiff/Appellant, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 1:14-CV-310-TLS |
| | ) | On Appeal from Bankr. Case No. 06-12026 |
| DEUTSCHE BANK NATIONAL TRUST | ) | Adversary Case No. 13-01049-reg |
| COMPANY, *as Trustee, its successors and* | ) | Judge Robert E. Grant |
| *assigns,* et al., | ) | |
| | ) | |
|     Defendants/ Appellees. | ) | |

**OPINION AND ORDER**

This case is an appeal from a United States Bankruptcy Court decision granting summary judgment in favor of Defendants Deutsche Bank National Trust Company, Ocwen Loan Servicing, LLC, and Reisenfeld & Associates, LPA, LLC, and against Plaintiff Susan Edwards in an adversary proceeding brought by Edwards. For the reasons stated below, the Court affirms the decision of the bankruptcy court.

**STATEMENT OF THE CASE**

The Debtor, Susan Edwards, filed a petition for relief under Chapter 7 of the Bankruptcy Code. At the time, Deutsche Bank was attempting, through state court proceedings, to foreclose a mortgage on her home, located at 5501 Gate Tree Lane in Fort Wayne, Indiana. The foreclosure complaint sought personal and *in rem* judgment against Edwards. Reisenfeld and Associates was the law firm who represented Deutsche Bank in the state court foreclosure of Edward's property.

On February 15, 2007, the bankruptcy case was closed, after Edwards received a

discharge. Deutsche Bank pursued recovery in the foreclosure action, but then dismissed it without prejudice on November 7, 2008.

The Bank filed a second foreclosure action in state court on January 6, 2009. In this action, the only recovery being sought was *in rem*. The Bank alleged that Edwards continued to be in default on the note and mortgage, she was immune from personal liability on the note, and Deutche Bank was requesting a foreclosure judgment *in rem*. The state court granted Deutsche *in rem* summary judgment against the property at 5501 Gate Tree Lane. Edwards appealed, and the Indiana Court of Appeals affirmed the circuit court's entry of *in rem* summary judgment.

Edwards then petitioned to re-open the Bankruptcy Action, and filed an adversary proceeding against Deutsche Bank, Ocwen, and Reinsfeld, alleging various violations of the bankruptcy court's discharge injunction. Edwards also alleged that Ocwen improperly reported to credit reporting agencies. The bankruptcy court granted summary judgment to the Defendants and denied Edwards's subsequent motion to reconsider. She then initiated the appeal to this Court.

## DISCUSSION

When a party appeals a bankruptcy court's decision under 28 U.S.C. § 158(a), district courts review a bankruptcy court's factual findings for clear error, and legal conclusions and the legal significance accorded to facts de novo. *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir. 2010). Mixed questions of law and fact are reviewed for clear error. *Id.* Summary judgment, such as that granted by the bankruptcy court, is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7056). A court should deny a motion for summary judgment only when the non-moving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); *Swearnigen–El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, the court must construe all facts in a light most favorable to the nonmoving party, viewing all reasonable inferences in that party's favor. *See Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000).

In granting summary judgment, the bankruptcy court found that, to the extent Edwards's complaint asked the court to conclude that Deutsche Bank did not hold an enforceable mortgage, such claim was barred by the *Rooker-Feldman* doctrine because the state court already determined otherwise. (R. 275.) The bankruptcy court further determined that Edwards's claims were based on a "significant misperception of what the discharge actually does," as the discharge did not bar Deutsche Bank from all avenues of collecting amounts due and enforcing its mortgage, but rather relieved Edwards of personal liability to her creditors. (R. 276.) Therefore, because the foreclosure action was purely *in rem* and sought only to foreclose a mortgage upon Edwards's property, there was no violation of the bankruptcy discharge. (*Id.*) Additionally, the bankruptcy court found that the reporting of credit was not a violation of the bankruptcy discharge, as nothing in the Bankruptcy Code, 11 U.S.C. § 524, "governs how creditors are to report discharged debts to credit reporting agencies." (R. 277.) The court acknowledged that while the Fair Credit Reporting Act may govern such activity, the bankruptcy court would have

law." Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7056). A court should deny a motion for summary judgment only when the non-moving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); *Swearnigen–El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, the court must construe all facts in a light most favorable to the nonmoving party, viewing all reasonable inferences in that party's favor. *See Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000).

In granting summary judgment, the bankruptcy court found that, to the extent Edwards's complaint asked the court to conclude that Deutsche Bank did not hold an enforceable mortgage, such claim was barred by the *Rooker-Feldman* doctrine because the state court already determined otherwise. (R. 275.) The bankruptcy court further determined that Edwards's claims were based on a "significant misperception of what the discharge actually does," as the discharge did not bar Deutsche Bank from all avenues of collecting amounts due and enforcing its mortgage, but rather relieved Edwards of personal liability to her creditors. (R. 276.) Therefore, because the foreclosure action was purely *in rem* and sought only to foreclose a mortgage upon Edwards's property, there was no violation of the bankruptcy discharge. (*Id.*) Additionally, the bankruptcy court found that the reporting of credit was not a violation of the bankruptcy discharge, as nothing in the Bankruptcy Code, 11 U.S.C. § 524, "governs how creditors are to report discharged debts to credit reporting agencies." (R. 277.) The court acknowledged that while the Fair Credit Reporting Act may govern such activity, the bankruptcy court would have

no jurisdiction over such a claim. (*Id.*) Finally, the bankruptcy court determined that Reisenfeld's and Ocwen's communications to Edwards were not attempts to collect a discharged debt and did not constitute a violation of the discharge. (R. 278–79.)

Edwards, who is proceeding pro se, appears to be advancing three arguments on appeal. First, she argues that the Defendants used, and the bankruptcy court relied on, "irrelevant evidence which was outside the scope of the litigation of the complaint claims and evidence." (Appellant Br. 2, ECF No. 3.) Second, she asserts that the bankruptcy court improperly discarded the evidence she presented in opposition to the Defendants' motion for summary judgment. Finally, she contends that this evidence should have permitted her to defeat summary judgment because it showed that the Defendants intended to "collect a discharged debt as a personal liability of Susan Edwards." (Appellant Br. 3.) Upon review of the record, the Court finds that Edwards has not established any error in the bankruptcy court's conclusions and findings.

The Plaintiff has not attempted to identify the evidence that she contends was outside the scope of her complaint and upon which the Defendants and the bankruptcy court relied. The Plaintiff cannot succeed where this Court is left to speculate as to what evidence the Plaintiff might be referring to. *See Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005) (holding that an appellate court is not required to "scour a record to locate evidence supporting a party's legal argument" and that "[p]erfunctory or undeveloped arguments are waived"). Because the Plaintiff's argument concentrates on the first foreclosure action, and what transpired in that action before its dismissal, the Court surmises that the Plaintiff may be taking offense with the bankruptcy court's focus on the second foreclosure action to find that the Defendants

did not violate the discharge injunction. The court's discussion of the second action—the action upon which Deutsche Bank actually received a judgment—did not involve inaccuracies of fact or law, and the Plaintiff does not appear to argue otherwise. Accordingly, that portion of the bankruptcy court's decision is affirmed. The Court will address the Plaintiff's arguments with respect to the first foreclosure action later in this Opinion.

The Plaintiff's second argument misstates the record, as the bankruptcy court specifically stated that it reviewed the "written communications" that were submitted "in connection with the motions for summary judgment." (R. 278.) The court then proceeded to reference several of the documents provided by the Plaintiff and to quote language from them. Contrary to Edwards's assertions, the bankruptcy court did not ignore her evidence of alleged collection attempts. Instead, it specifically considered them and found that the communications at issue did not violate the discharge injunction.

The affidavit that Edwards believes the bankruptcy court disregarded was authored by her daughter, Ronda Marsh. The affidavit mentions conversations with Ocwen employees as well as allegations of receiving communications to collect a debt. The bankruptcy court's decision acknowledged Edwards's contention that Ocwen called her on numerous occasions—an allegation she lodged for the first time in response to the Defendants' requests for summary judgment. The court stated that even if the late attempt to assert a new claim was proper, Edwards had provided no specific information regarding any of the calls, such as the date or time and what was communicated by either party. The court concluded that, without such information, it was impossible to tell whether the discharge injunction may have been violated. (R. 278.) Again, contrary to Edwards's characterizations, the bankruptcy court did not ignore her

5

submission, it simply found that it failed to create genuine issues of material fact.

The Marsh affidavit also asserts that a few letters were received. However, Marsh did not identify the contents of the letters, specifically the language that would indicate they were actual attempts to collect a debt against Edwards personally. Rather, she states in conclusory fashion that the letters were "seeking payment of the debt owed or threatened foreclosure."(R. 63, Marsh Aff. ¶ 10.) The remainder of the affidavit did not provide information that was pertinent to the question whether the Defendants violated the discharge injunction.

Edwards fares no better on the merits of her adversary action. She cannot avoid the limited scope of a § 524 discharge injunction. The Bankruptcy Code provides that a discharge voids personal judgments against the debtor (§ 524(a)(1)) and operates as an injunction against acts to collect debts "as a personal liability of the debtor" (§ 524(a)(2)). It is undisputed that the Bank was awarded *in rem* relief only, which was not prohibited by the discharge. *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."); *Redmond v. Fifth Third Bank*, 624 F.3d 793, 802–03 (7th Cir. 2010) (finding that mortgage lender's actions in issuing payoff letters and initiating foreclosure proceedings did not violate discharge injunction because even if there had been a discharge under § 524(a), it would not have affected the bank's right to foreclose on its lien because discharge does not impact *in rem* foreclosure proceedings). This is exactly the principal of law that the bankruptcy court relied upon in granting summary judgment for the Defendants.

As mentioned above, Edwards appears to focus on the foreclosure action filed in state

court in 2006, before she filed for bankruptcy. According to her appellate brief, the bankruptcy court should have determined that issues remained in dispute surrounding whether the Defendants had attempted to collect a discharged debt because the 2006 foreclosure action remained open until 2008, despite the fact that the she had earlier received a discharge. She complains that the Defendant should have immediately "closed and brought a new case which would be in rem." (Appellant Br. 4.) The bankruptcy court did not address the period of time when the first foreclosure action remained pending, focusing instead on the second foreclosure action. But this does dictate a different outcome. Simply because the first foreclosure action remained open does not mean that the Defendants took action to obtain a personal judgment against Edwards, which is the only activity prohibited under § 524. She appears to believe that because the Defendants continued to assert that she was delinquent in her payments, that the Defendants were seeking a judgment against her personally. But Edwards has pointed to no authority that required the Defendants to take affirmative steps to dismiss the foreclosure proceedings, which included a claim for *in rem* relief, immediately upon receiving notice of the discharge. Deutsche Bank's lien passed through the bankruptcy unaffected. And as the Defendants point out, "[t]he fact Deutsche Bank asserted [the Plaintiff] was not current on the Loan does not establish an attempt to collect from her personally—Deutsche Bank is required to establish default in order to meet its burden of proof to foreclose." (Br. of Deutshce Bank & Ocwen 21, ECF No. 5 at 28.)

The Plaintiff can point to no evidence in the record that would alter the outcome of her adversary proceeding based on the grounds she has presented on appeal.

## CONCLUSION

For the reasons stated above, the bankruptcy court's decision granting summary judgment in favor of the Defendants and against the Plaintiff is AFFIRMED in all respects.

SO ORDERED on December 15, 2014.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT